IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JASON THIBODAUX** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-00600 |
| | § | |
| **KOSMOS ENERGY, LLC, NOBLE** | § | |
| **SERVICES COMPANY, LLC;** | § | |
| **NOBLE DRILLING (U.S.), LLC;** | § | |
| **AND PRIME OCEAN, PBC** | § | |
| *Defendants*. | § | |

## NOBLE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO DISMISS WITHOUT PREJUDICE

Defendants, Noble Drilling (U.S.) LLC and Noble Services Company, LLC (collectively "Noble"), file their Response to Plaintiff's Motion for Leave to Dismiss Without Prejudice. While Noble does not oppose the voluntary dismissal of Prime Ocean, PBC, Noble will be prejudiced if the entire case is dismissed. Practically, Plaintiff's acknowledged misnomer and misidentification issues can be resolved by other less disruptive means.

### I.     Relevant Procedural Background

On November 16, 2023, Plaintiff commenced a lawsuit against Noble, Kosmos Energy, LLC ("Kosmos") and Prime Ocean, PBC in Cause Number CC-23-07614-B, *Jason Thibodaux v. Kosmos Energy, LLC et al.,* in the County Court at Law No. 2 of Dallas County, Texas.

On December 29, 2023, Noble removed the lawsuit to the United States District Court for the Northern District of Texas. [Dkt. 1]. Kosmos joined in the removal the same

day. [Dkt. 5]. No return of service was on file concerning Prime Ocean, PBC at the time of removal. Prime Ocean, PBC has not appeared or answered. Plaintiff subsequently acknowledged this defendant was improperly joined, after being mistaken for Plaintiff's actual employer, Prime Ocean Personnel Services, LLC ("Prime Ocean").

On January 23, 2024, the District Court in Northern District of Texas issued an order regarding its intention to *sua sponte* transfer the case to the Southern District of Texas. [Dkt. 11]. On January 29, 2024, Plaintiff filed a motion to remand the case to state court. [Dkt. 12]. Noble responded on February 19, 2024 and Kosmos responded the following day. [Dkts. 13, 14]. On February 20, 2024, the Northern District *sua sponte* transferred the case to this Court. [Dkt. 15]. Plaintiff did not file a reply in support of his motion to remand.

After the transfer, counsel for Plaintiff, Kosmos, and Noble conferred and prepared the requisite Joint Discovery Case Management Plan. [Dkt. 23]. The Prime Ocean misnomer was specifically addressed, and Plaintiff explicitly requested "ability to amend his petition without leave from the Court, within thirty days of the scheduling order being signed and entered. *This will streamline the Plaintiff to substitute and serve potential party, Prime Ocean Personnel Services, LLC.*" *Id.* at 5, ¶6 a. (emphasis added).

The Parties attended an initial conference on April 17, 2024. During that conference, the possibility of voluntary dismissal first arose, as one way Plaintiff could cure the improper party issues.

## II.   Argument

### A. Defendants will suffer legal prejudice if the matter is voluntarily dismissed.

"The primary purpose of Rule 41(a)(2) is to prevent voluntary dismissal which

unfairly affects the other side, and to permit the imposition of curative conditions." *Elanor v. Tripath Imaging, Inc.*, 279 F.3d 317, 317 (5th Cir. 2002). Voluntary dismissal should generally be granted, "unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Id.* While the common examples of prejudice in this context are voluntary dismissal to circumvent defenses only available to the non-movant in federal court, or dismissing at an advanced phase of the litigation, prejudice can also exist where voluntary dismissal is sought to avoid an imminent adverse ruling. *See, e.g.*, *In re FEMA Trailer Formaldehyde Prods. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010). Such is the case here.

During the initial conference and in the minute entry order thereon, the Court explicitly indicated Plaintiff is facing an imminently adverse ruling on the remand, at least with respect to Kosmos. *See* [Dkt 26] at 2. Yet even with respect to Noble, Plaintiff faces an imminently adverse ruling in light of the Fifth Circuit's recent opinion in *Santee v. Oceaneering Int'l, Inc.*, 95 F.4th 917 (5th Cir. 2024), which concerns the same removal and fraudulently pleaded Jones Act claim issues presented in this case.

In *Santee*, the Fifth Circuit affirmed the denial of a motion to remand, *inter alia*, because Santee was not a Jones Act seaman and thus had no possibility of asserting non-removable claims against his employer. *See id.* at 927-28. Although Santee had worked "mostly" aboard a single vessel from 2016 to 2021, seaman status was still lacking because "his allegiance was to a land-based employer, and he was assigned as a transitory worker limited to the performance of a discrete task and is free to take other jobs between hitches." *Id.* at 927. Here, the record before the Court on Plaintiff's alleged seaman status is even

more clear. He had worked four short-term assignments for Prime Ocean, aboard multiple vessels and non-vessels, owned and operated by multiple companies. His allegiance was to Prime Ocean, and when his assigned project ended, so too did his short-term connection to whatever vessel (or non-vessel) he was aboard. Accordingly, Plaintiff cannot be allowed to avoid the imminently adverse ruling on remand by simply dismissing the case and restarting the removal and remand process.

### B. Plaintiff's party issue may be cured through less drastic measures.

Plaintiff seeks voluntary dismissal of the entire case against all Defendants, in order to cure his pleadings against incorrectly named defendants. Yet, these issues can be cured through less disruptive means than resetting the proceedings in their entirety. Indeed, Plaintiff already sought and obtained agreement from Noble and Kosmos to file an amended pleading to join Prime Ocean. *See* [Dkt. 23] at 5, ¶6 a. And as Plaintiff correctly noted, Noble is not opposed to the voluntary dismissal of Prime Ocean, PBC.

Of course, Plaintiff's stated intention of pursing claims against Prime Ocean may be mooted, if the Court denies remand on the basis that Plaintiff is not a Jones Act seaman. In that instance, Plaintiff will not have standing to pursue claims against his employer for Jones Act negligence.  Therefore, Plaintiff can resolve his purported misnomer issue now before this Court or after this Court rules on the motion to remand.  Dismissal should not be permitted.

### C. Alternatively, Noble requests its reasonable costs and attorney's fees as a condition of the voluntary dismissal.

In the alternative, if the Court is inclined to grant Plaintiff's motion for voluntary

- 4 -

dismissal, Noble requests that it be awarded its reasonable and necessary costs and attorney's fees. The Court may dismiss the action on terms that it considers proper. FED. R. CIV. P. 41(a)(2). When plaintiffs move for dismissal without prejudice under Rule 41(a)(2), courts have awarded the defendants their attorney's fees and costs. *See, e.g.*, *Thompson v. Phillips 66 Co.*, H-23-1083, 2023 WL 7414567 at *4 (S.D. Tex. Nov. 9, 2023); *W. Falcon, Inc. v. Moore Rod & Pipe, LLC*, 13-cv-2963, 2015 WL 3823629 at *4 (S. D. Tex. June 18, 2015). "The purpose of such awards is to reimburse the defendant for the litigation costs incurred in view of the risk that the same suit will be refiled and will impose duplicative expenses on the defendant." *W. Falcon, Inc.* 2015 WL 3823629 at *4 (quoting 9 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2366 at 536-38 & n 16 (3d ed. 2008)).

Here, Noble incurred significant defense costs related solely to the procedural issues of answering, removal and the local requirements attendant thereto for both the Northern District and Southern District of Texas, opposing the motion to remand, leading the discussion on the Joint Discovery Case Management Plan, preparing the jointly requested protective order and modified scheduling order, and attending an initial conference. Voluntary dismissal of the entire case, without prejudice to refiling, negates all that necessary effort. Moreover, and as explicitly acknowledged during the initial conference, voluntary dismissal guarantees that all that necessary effort will have to be duplicated.

Plaintiff is the master of his complaint and the current party issue is his own doing. In a case with multiple defendants, mistakes as to the identity of potential defendants can be cured through less obtrusive means than dismissing the case in its entirety and restarting.

If the Court is inclined to allow Plaintiff to reset his claims, it should be conditioned on Plaintiff reimbursing Noble for its defense costs associated with the procedural work of answering, removing, resisting remand, and preparing and participating for the initial conference in this matter.

### III.    Conclusion and Prayer

Plaintiff finds himself in the current position based solely upon his own prior choices.  Defendants cannot be prejudiced for these mistakes, especially when Plaintiff has easier means by which to cure these defects.

For the foregoing reasons, Noble respectfully requests this Honorable Court allow dismissal of Prime Ocean, PBC only, and otherwise deny Plaintiff's Motion for Leave to Dismiss Without Prejudice. Alternatively, Noble respectfully requests this Court condition a voluntary dismissal of the entire case on Plaintiff's reimbursement of Noble's reasonable and necessary costs and attorney's fees related to this litigation.

    Respectfully submitted,

    **PHELPS DUNBAR LLP**

    */s/ Andrew R. Nash*
    Andrew R. Nash
    Texas Bar No.: 24083550
    910 Louisiana Street, Suite 4300
    Houston, Texas 77002
    Telephone: 713-626-1386
    Facsimile: 713-626-1388
    Email: andy.nash@phelps.com

    Michael F. Held
    Texas Bar No. 24139896
    365 Canal Street, Suite 2000
    New Orleans, Louisiana 70130-6534

Telephone: 504-566-1311
Telecopier: 504-568-9130
Email: michael.held@phelps.com

**ATTORNEYS FOR DEFENDANTS, NOBLE DRILLING (U.S.) LLC AND NOBLE SERVICES COMPANY LLC**

## CERTIFICATE OF WORD COUNT

In accordance with Court Procedures Section 18f(c), I certify that, the foregoing response is 1,433 words.

*/s/ Andrew R. Nash*
Of Phelps Dunbar LLP

## CERTIFICATE OF SERVICE

I certify that on this 26th day of April 2024, the foregoing was electronically served on all counsel of record via the Court's CM/ECF system.

*/s/ Andrew R. Nash*
Of Phelps Dunbar LLP